FILED
SEP 11 2014
9-11-14
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAYNE H. NORMAN, | 14cv7041 |
| Plaintiff, | Judge Ruben Castillo |
| | Magistrate Judge Michael T. Mason |
| v. | |
| | **JURY DEMAND** |
| PARTNERS IN HEALTH CARE ASSOCIATION, INC., | |
| Defendant. | |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, WAYNE H. NORMAN, by and through himself and for his Complaint against the Defendant, PARTNERS IN HEALTH CARE ASSOCIATION, INC, and Plaintiff states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.* and the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1 *et seq.*

## JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

## PARTIES

3. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is a natural person who was at all relevant times residing in the county of Cook, state of Illinois.

4. PARTNERS IN HEALTH CARE ASSOCIATION, INC., (hereinafter, "PIHC"), is a Wisconsin Corporation located at 520 S. Westland Drive, Appleton, WI 54914.

5. At all relevant times, PIHC has conducted business in Illinois, solicited business in Illinois, engaged in a persistent course of conduct in Illinois, or has derived substantial revenue from services rendered in Illinois.

6. Defendant is a "seller" or "telemarketer" engaged in "telemarketing as defined by the TSR, 16 C.F.R. section 310.2.

## LEGAL BASIS OF THE CLAIMS

7. The TCPA specifically prohibits calls using an artificial or recorded voice to any telephone number assigned to a cellular telephone service for which the called party is charged for the call without the express written consent of the called party. This prohibition is not limited to telemarketing calls.

8. The TCPA specifically prohibits calling a telephone number that is listed on the "Do-Not-Call" Registry for solicitation purposes.

9. In Illinois, the Automatic Telephone Dialers Act ("ATDA") also prohibits, inter alia, "play[ing] a prerecorded message placed by an auto dialer without the consent of the called party" or impeding caller IDs during telemarketing calls. 815 ILCS 305/15(d); 30(b). The ATDA provides for treble actual damages, statutory damages of $500 per violation. 815 ILCS 305/30. Passage of the 2013 amendments to the ATDA providing for statutory damages, as invoked here, was unanimous in the Illinois legislature.

## FACTUAL ALLEGATIONS

10. During the months of June 2014, and July 2014, Plaintiff received approximately seventeen (17) telephone solicitation calls from the Defendant.

11. Due to similar telemarketing calls, Plaintiff placed his cellular telephone number on the national "Do-Not-Call registry in May of 2014.

12. Each call would leave the same pre-recorded solicitation message. "Do not hang up on this call...our records indicate that you do not have insurance, or with the changes you may not have the right coverage...you may qualify for a health insurance ..." After the solicitation verbiage, the automated voice asked you to press (1) to speak to a representative, and press (9) to be placed on our do not call list press nine (9)."

13. Plaintiff pressed nine (9) on approximately four occasions, however, the solicitation calls continued. Plaintiff attempted on numerous occasions to trace the numbers (458) 201-2050 and (563) 649-5485 to the originator without success.

14. Frustrated and angered by the barrage of calls, Plaintiff determined that the only way to stop the calls and find the responsible party, was to answer the call, press one to hear more information, and speak with a representative.

15. On or about July 2nd. 2014, at 5:32 pm, Plaintiff received yet another solicitation call on his cellular telephone number 682-241-XXXX.

16. Plaintiff answered the phone, and heard a "clicking" sound immediately followed by a pre-recorded message talking about qualifying for health insurance.

17. Plaintiff pressed one (1) to talk with a representative. Upon pressing one (1), Plaintiff heard a phone ringing, and waited on the line for someone to answer.

18. A representative came on the line and identified herself as Julie with "Partners in Health Care." Plaintiff asked "Julie" what the address to Partners in Health Care was. She responded, "I don't know off hand." Plaintiff then asked her what's the number, and she responded, "866-779-0054." Plaintiff thanked Julie and ended the call.

19 Somewhat relieved, Plaintiff began to research the number given to him by Julie and determined that the number in fact belonged to Partners in Health Care Association, Inc. located at 520 S. Westland Drive, Appleton, Wisconsin.

20. After extensive research into the company's profile and history, Plaintiff was able to ascertain that PIHC has received numerous complaints in several states due to such solicitation tactics. *See* http://www.bbb.org/wisconsin/Business-Reviews/medical-dental-discount-plans/partners-in-health-care-inc-in-grand-chute-wi-44252683, and http://800notes.com/Phone.aspx/1-458-201-2050.

21. Upon information and belief, the calls were dialed by a machine, rather than by a human being, and the messages left were pre-recorded messages. Also upon information and belief, the Defendant uses a "rented" dialer from an off-site third party that randomly or sequentially dials numbers and only connects when someone answers the phone.

22. 47 C.F.R. §64.1200(a) provides in part: "No person or entity may initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice; (iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

22. 47 U.S.C. §227(a)(3) and 47 C.F.R. §64.1200(f)(9) provides in part: "The term telephone solicitation means the initiation of a telephone call or message for the

purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person ..."

24. At all times relevant to this complaint, the Defendant was engaged in the practice of conducting telephone solicitations as defined in the TCPA and the rules promulgated pursuant to the TCPA.

25. The TSR established a "do-not-call" registry, maintained by the Commission (the "National Do Not Call Registry" or Registry"), of consumers who do not wish to receive certain types of telemarketing calls. Consumers can register their telephone numbers on the Registry without charge either through a toll-free telephone call or over the Internet at donotcall.gov.

26. Sellers, telemarketers, and other permitted organizations can access the Registry over the Internet at telemarketing.donotcall.gov to download the registered numbers. Sellers and telemarketers are prohibited from calling registered numbers in violation of the TSR. 16 C.F.R. § 310.4(b)(1)(iii)(B).

27. The Amended TSR also requires a telemarketer to honor a person's request to no longer receive telemarketing calls made by or on behalf of the telemarketer. 16 C.F.R. § 310.4(b)(1)(iii)(A).

28. As mentioned previously, the Defendants is a "seller" or "telemarketer" engaged in "telemarketing," as defined by the TSR, 16 C.F.R. § 310.2

29. The Defendant, without authorization or other defense, has initiated pre-recorded telephone solicitation calls to Plaintiff's cellular telephone number that is on the National Do Not Call Registry in violation of the TCPA, and failed to stop calling Plaintiff's cellular telephone number after requested to no longer be called in violation of the TCPA.

## COUNT I- TCPA

30. PARTNERS IN HEALTH CARE ASSOCIATION, INC., has violated 47 C.F.R. §64.1200(c) and 47 U.S.C. §227(c), by engaging in a deceptive pattern or practice of initiating pre-recorded telephone solicitations calls to Plaintiff's cellular telephone number which is registered on the National "Do Not Call" registry.

## PRAYER FOR RELIEF COUNT I

a) Assessing against PIHC, damages of $1,500 for each of the seventeen (17) violations of the TCPA found by the Court to have been committed by PIHC, willfully and knowingly; if the Court finds PIHC, has engaged in violations of the TCPA which are not willful and knowing, then assessing against PHC, damages of $500 for each violation of the TCPA, as provided by 47 U.S.C. §227;

b) Assessing against PIHC, all costs incurred by the plaintiff; and

c) Awarding such other relief as justice and equity may require.

## COUNT II- TCPA

31. PARTNERS IN HEALTH CARE ASSOCIATION, INC., has violated 47 U.S.C. §227(b)(A)(iii) (c), by contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager.

## PRAYER FOR RELIEF- COUNT II

a) Assessing against PIHC, damages of $1,500 for each of the seventeen (17) violations of the TCPA found by the Court to have been committed by PIHC, willfully and knowingly; if the Court finds PIHC, has engaged in violations of the TCPA which are not willful and knowing, then assessing against PIHC, damages of $500 for each violation of the TCPA, as provided by 47 U.S.C. §227;

b) Assessing against PIHC, all costs incurred by the plaintiff; and

c) Awarding such other relief as justice and equity may require.

## COUNT III - ATDA

32. Plaintiffs reallege and incorporate the foregoing allegations as if set forth fully herein.

33. The ATDA prohibits "play[ing] a prerecorded message placed by an auto dialer without the consent of the called party." 815 ILCS 305/30(b).

34. Under the ATDA, an "auto dialer" or "auto dialer system" is defined as "any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly

access the stored telephone numbers in order to automatically connect a telephone with a recorded message[.]" 815 ILCS 305/5(a). A "recorded message" refers to "any taped communication soliciting the sale of goods or services without live voice interaction." 815 ILCS 305/5(c).

35. As a result of Defendants' conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiff was harmed and is entitled to statutory damages of $500 per violation and three times any actual damages. 815 ILCS 305/30(c)-(c-5).

## PRAYER FOR RELIEF- COUNT III

a) Assessing treble damages against PIHC, for each of the seventeen (17) violations of the ATDA found by the Court to have been committed by PIHC, willfully and knowingly; if the Court finds PIHC, has engaged in violations of the ATDA which are not willful and knowing, then assessing against PIHC, damages of $500 for each violation of the ATDA, as provided by 815 ILCS 305/30(c)-(c-5);

b) Assessing against PIHC, all costs incurred by the plaintiff; and

c) Awarding such other relief as justice and equity may require.

Respectfully submitted,

Wayne H. Norman

509 Elgin Apt. 1

Forest Park, Il 60130

whnorman@hotmail.com